

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2008

# Ham v. Greer

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4834

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ham v. Greer" (2008). *2008 Decisions.* Paper 1441.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1441

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-148                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4834
_____

JACKIE HAM,
                                    Appellant

v.

GARY F. GREER; Dr. CLARK; GREGORY K. BAKER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:06-cv-1692)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 6, 2008

Before:  AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed : March 14, 2008)
_____

OPINION
_____

PER CURIAM

       Jackie Ham appeals from the order of the United States District Court for the

Western District of Pennsylvania granting Appellees' motions to dismiss for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6). Appellees have filed motions for summary affirmance of the District Court's order. Because Ham's appeal does not present a substantial question, we will grant the pending motions and summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's dismissal for failure to state a claim. Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir. 2004). Because we are reviewing the District Court's dismissal of his claims, we take the allegations of Ham's Amended Complaint as true. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); Estelle v. Gamble, 429 U.S. 97, 99 (1976).

Ham is a prisoner at the Federal Corrections Institute McKean ("FCI McKean"). Greer, a dental officer for FCI McKean, conducted a routine dental exam for Ham on April 28, 2006. At that time, Greer advised that Ham required an extraction and a filling, and Greer scheduled a follow-up procedure to take place in May.

On May 16, 2006, Greer performed the extraction but not the filling. During the extraction procedure, Greer left two of three roots behind and chipped a different tooth. The next day, after complaints of pain and bleeding, Clark examined Ham and informed him that two roots remained behind. That same day, Clark performed a procedure that removed one of the two remaining roots.

2

Beginning in June 2006, Ham began to experience symptoms relating to the chipped tooth. Dental staff informed Ham that Greer would perform treatment, and Ham requested an alternate dentist. The request was denied, and Ham declined treatment from Greer on several occasions throughout June and July 2006. After repeated complaints from Ham, FCI McKean's alternate dentist, Baker, examined Ham on August 7, 2006. The next day, Baker performed procedures to remove the third root of the previously extracted tooth and to extract the chipped tooth.

Based upon this series of events, Ham, proceeding pro se, brought a civil action against Greer, Clark and Baker in the United States District Court for the Western District of Pennsylvania. He asserted violations of his constitutional rights under the Eighth Amendment, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and raised state law negligence claims by invoking the District Court's supplemental jurisdiction.

## II.

Defendants Greer, Clark, and Baker each filed Motions to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 2, 2007, Magistrate Judge Caiazza reviewed the motions and responses and issued a Report and Recommendation that the District Court dismiss Ham's Bivens claims for failure to state a claim upon which relief can be granted. The Magistrate Judge also recommended that the District Court decline to exercise discretionary jurisdiction over Ham's state law

3

negligence claims.  Judge McVerry conducted a <u>de novo</u> review of the pleadings, together with the Magistrate's Report and Recommendation and the parties' objections and responses thereto.  On December 3, 2007, Judge McVerry entered an Order adopting the Report and Recommendation as the opinion of the District Court, dismissing Ham's claims, and closing the case.  Ham timely appealed from the District Court's final judgment.

III.

The Eighth Amendment's prohibition on "cruel and unusual punishments" proscribes deliberate indifference to prisoners' serious medical needs.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  Therefore, to state a claim against a prison official under the Eighth Amendment, the prisoner must allege both (1) the existence of serious medical needs; and (2) the official's deliberate indifference to those needs.  <u>See</u> <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).  Because the District Court determined, and we agree, that Ham alleged a sufficiently serious medical need, our primary focus is on the deliberate indifference aspect of Ham's Eighth Amendment claim.

A prison official demonstrates deliberate indifference if he knows of and disregards an excessive risk to the inmate's health or safety.  <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  This requires showing a sufficiently culpable state of mind, such as reckless disregard to a substantial risk of serious harm.  <u>Id</u>. at 836.  In contrast, allegations of simple negligence or medical malpractice – without an associated culpable state of mind –

4

do not constitute deliberate indifference, and therefore do not rise to the level of an Eighth Amendment violation. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Applying this standard, the District Court properly dismissed Ham's Eighth Amendment claims. The District Court held, and we agree, that although Ham may have properly raised claims of negligence against one or more of the defendants, Ham failed to allege facts that, if proved, would be sufficient to permit the Court to infer that any of the three Defendants exhibited deliberate indifference to Ham's serious medical needs.

To the contrary, the Amended Complaint establishes that Ham consistently received prompt medical attention, except in those instances where Ham himself declined treatment. Ham's primary dispute, in essence, is that he did not receive the kind or quality of treatment that he would have preferred. This simply does not rise to the level of a violation of a constitutionally protected right. See, e.g., Inmates of Allegheny Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) ("Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment.'" (quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

IV.

Because the District Court appropriately dismissed Ham's Bivens claims, no independent basis for federal jurisdiction remains. In addition, the District Court did not abuse its discretion in declining to address the state law negligence claims. 28 U.S.C.

5

§ 1367(c)(3); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Tully v. Mott Supermkts., Inc., 540 F.2d 187, 196 (3d Cir. 1976).

Accordingly, we agree with the District Court that Ham's claims should be dismissed. We therefore grant the motions for summary affirmance and summarily affirm the judgment of the District Court.